IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:23-cv-01847-GPG-MDB**

THE ESTATE OF DANIEL JAMES MURRAY,
by and through its personal representative, David Murray;

    Plaintiff,

v.

WELLPATH, LLC;
DIANNE HAWTHRONE-CRUZ, individually;
WENDY MORRIS, individually;
GEORGE SANTINI, individually;
J. DYLAN COX, individually;
MICHELLE SILVA, individually;
MAGDALINE BEULTEMANN, individually

    Defendants.

## JOINT STATUS REPORT

THE PARTIES, by and through their respective undersigned counsel, submit the following Joint Status Report in response to the Court's August 18, 2025 Order and herein address the issues raised by the Court in the same:

<u>Discovery</u>

1. Currently, the following discovery remains outstanding in this matter:

    a. Production of certain documents addressed by the Court in its October 11, 2024 Order;

    b. Rule 30(b)(6) Deposition of Wellpath;

    c. Completion of expert discovery;

2. At this time, the Parties anticipate a dispute as to Wellpath's discovery obligations given its recent discharge in bankruptcy and the resulting injunction entered by the Bankruptcy Court for the Southern District of Texas on June 4, 2025.

    a. Questions surrounding Wellpath's continued involvement in discovery concerning prepetition tort suits are not unique to this matter, Court, or jurisdiction. In fact, at this time, Wellpath's bankruptcy counsel, counsel for the Liquidating Trust established in connection with Wellpath's bankruptcy, and the plaintiffs in a tort suit pending in Illinois are currently litigating this issue before the bankruptcy court. Both bankruptcy counsel and counsel for the Liquidating Trust have opposed attempts by the Illinois plaintiffs to subject Wellpath to continued civil discovery in the Illinois matter and the parties have briefed their respective positions. Currently, the issue is set for a motions hearing on September 9, 2025. Given the bankruptcy court's previous procedure, Wellpath expects the court to rule from the bench at the September 9, 2025 hearing or issue a written ruling shortly thereafter. The bankruptcy court's ruling regarding Wellpath's continued discovery obligations in the Illinois proceeding may impact this Court's analysis regarding Wellpath's continuing discovery obligations.

    b. While Plaintiff appreciates the position Wellpath is in, the outstanding discovery was ordered almost one year ago, before Wellpath filed for bankruptcy. This Court has previously expressed frustration over Wellpath's continued pattern of slow rolling discovery and it is clear to Plaintiff that Wellpath intends to continue following the same pattern. Plaintiff understands

the potential need for a briefing schedule but continues to expect this discovery to be produced as ordered.

c. Accordingly, the Parties have discussed and agreed upon the following briefing schedule pertaining to disputes regarding Wellpath's continued participation in discovery in this matter:

  i. To the extent necessary, Wellpath will file a motion opposing its continued participation in discovery, generally, as well as objection to specific discovery requested by Plaintiff on or before September 30, 2025;

  ii. Plaintiff shall respond to Wellpath's motion on or before October 14, 2025;

  iii. Wellpath shall reply in support of its motion on or before October 21, 2025.

3. Following the Court's ruling on the above-referenced discovery motion, if filed, the Parties agree that a scheduling conference would be helpful in establishing case management deadlines in light of the Court's ruling on permissible discovery.

<u>Nominal Defendants</u>

1. At this time, Plaintiff does not intend to amend its Complaint to add the Liquidating Trust as a nominal defendant.

2. Plaintiff intends to file a Motion to convert Wellpath to a nominal defendant.

Dated: September 5, 2025

        Bagley Law Firm, LLC

        */s/ Ellen K. Carlson*
        Ellen K. Carlson
        Scott Melin
        Brian J. Bagley
        215 S. Wadsworth Blvd, Ste. 410
        Lakewood, CO 80226
        Telephone: (720) 378-5121
        *Attorneys for Plaintiff*

        Gordon Rees Scully Mansukhani, LLP

        */s/ Christopher R. Jones*
        Elizabeth McGowan
        Christopher R. Jones
        555 15th St., Ste. 3400
        Denver, CO 80202
        Telephone: (303) 534-5160
        Facsimile: (303) 534-5161
        *Attorney for Michelle Silva* and *Wellpath, LLC*

        Warren Law Group, LLC

        */s/ Anthony D. Moore*
        Anthony David Moore
        Julie Warren
        24 S. Weber St., Ste. 300
        Colorado Springs, CO 80903
        *Attorneys for Wendy Morris*

**CERTIFICATE OF SERVICE**

      I certify that on this 5th day of September 2025, a copy of the foregoing was electronically filed with the Clerk of the United States District Court which will send notification of such to counsel of record.

                        */s/ Christopher R. Jones*

                        For Gordon Rees Scully Mansukhani LLP