# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-CV-1847-GPG-MDB

THE ESTATE OF DANIEL JAMES MURRAY, deceased, by and through its personal representative, DAVID MURRAY

Plaintiffs,

v.


WELLPATH, LLC;

DIANE HAWTHORNE-CRUZ, individually;

WENDY MORRIS, individually;

GEORGE SANTINI, individually;

J. DYLAN COX, individually;

MICHELLE SILVA, individually;

MAGDALINA BEULTEMANN, individually

Defendants.

---

**WENDY MORRIS' NOTICE OF DESIGNATION OF FORMER DEFENDANTS THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO, COLORADO, AND SHERIFF JOSEPH ROYBAL AS SETTLED NON-PARTIES AT FAULT**

---

Wendy Morris ("Ms. Morris"), by and through her attorneys at Warren Law Group, LLC, hereby submits her Notice of Designation of Former Defendants the Board of County Commissioners of the County of El Paso, Colorado, and Sheriff Joseph Roybal as Settled Non-Parties at Fault, stating as follows:

1. Under Colorado Law the designation of a nonparty is permitted where "... the clamant entered into a settlement agreement with the nonparty." C.R.S. § 13-21-111.5 (3)(b). Colorado law can provide a rule of decision on the issue of the "… effect of a settlement on the damage award against a non-settling defendant in a Section 1983 case […] because federal common law is not clear on this point." *See Restivo v.*

*Hessemann*, 846 F. 3d 547, 582 (2d Cir. 2017) (citations omitted). Unlike a rule providing for a dollar-for-dollar setoff for the amount of settlement, which is inconsistent with the federal policy underlying Section 1983, a rule like Colorado's that applies a proportionate reduction based on the "… settling tortfeasor's proportionate fault …" can supply a rule of decision in this case involving claims under 42 U.S.C. § 1983. *See Id.* at 582-86.

      2.      As contemplated by Colorado's pro-rata apportionment statute, allowing for non-party designations based on the fact of settlement alone, the jury should be instructed to consider any liability or fault by any tortfeasor who entered a settlement agreement with Plaintiff. C.R.S. § 13-21-111.5 (3)(b). On July 10, 2025, Plaintiff and Counsel for former Defendant Sheriff Joseph Roybal, submitted a Stipulation and Joint Motion to Dismiss Defendant Sheriff Joseph Roybal, in his Official Capacity [Doc. 219] ("the Stipulation"). In the Stipulation, Plaintiff, the Estate of Daniel James Murray, by and through its personal representative, David Murray ("Plaintiff"), acknowledged that it brought a claim against Sheriff Joseph Roybal ("Sheriff Roybal") pursuant to 42 U.S.C. § 1983, and that Plaintiff had entered into a settlement agreement with Sheriff Roybal that was approved by the El Paso County Commissioners and the Probate Court. (Stipulation, ¶¶ 1-4). This settlement resolved the claims brought by Plaintiff against the County Defendants.

      3.      Under these circumstances, a failure to instruct the jury regarding their ability to consider the alleged liability or fault of the County Defendants, who have settled with Plaintiffs, would serve to mislead the jury and frustrate public policy and the purpose of the pro-rata apportionment statute – that "... no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant." C.R.S. § 13-21-111.5 (1); and *see Restivo*, 846 F. 3d at 582-86 (a rule allowing for pro rata apportionment of liability or fault attributable to a settling tortfeasor under state law is consistent with public policy underlying Section 1983). Pursuant to C.R.S. § 13-21-111.5 (3)(b), the negligence or fault of a settling non-party may automatically be submitted to a jury, and such nonparty should be included on the verdict form. This designation is done only out of an abundance of caution.

      4.      Information about the identity of the County Defendants, and the basis for an apportionment of liability or fault to the County Defendants, including Sheriff Roybal, is included in the Amended Complaint and Jury Demand [Doc. # 133] ("Amended Complaint"), filed by Plaintiff on July 31, 2024, and is incorporated herein by reference. For example, the identity and address of the Board of County Commissioners of the County of El Paso, Colorado, and Sheriff Roybal is contained in paragraphs 20-23 of the Amended Complaint, and were referred to throughout the Amended Complaint as

"County Defendants". Plaintiff alleged that "County Defendants [were] properly sued under to 42 U.S.C. § 1983 for their own deliberately indifferent policies regarding Jail inmate medical care and treatment. They [were] also properly sued for the deliberately indifferent policies and practices of Wellpath." (Amended Complaint [Doc. # 133], at ¶ 25). Plaintiff's Amended Complaint [Doc. # 133] consisted of 247 numbered paragraphs. In many of those numbered paragraphs, Plaintiff, set forth factual allegations in support of their contentions that the County Defendants were liable or bore fault for the death of Daniel Murray, which Plaintiff alleges was caused by deliberate indifference on the part of the County Defendants. Although Ms. Morris disputes any liability or fault on her part, or that anything she allegedly did or did not do caused the death of Daniel Murray, she conditionally incorporates Plaintiff's allegations against the County Defendants contained in the Complaint by reference in the event of a verdict in favor of Plaintiff. Those include the allegations against the County Defendants in the First Claim for Relief. (Amended Complaint [Doc. # 133] at ¶¶ 226-235).

5.    Ms. Morris also raised the issue of pro rata apportionment of liability or fault of any settling party, and the issue of a set off for any settlement with any settling party, in paragraphs 6, 8, and 9 of the Affirmative Defenses listed in her Answer to Amended Complaint and Jury Demand [Doc. # 147], on pp. 7-8.

6.    Ms. Morris puts Plaintiff and the Court on notice that she reserves the right to further designate any other parties as permitted by law, since this case involves complex medical issues, voluminous medical records, and as discovery is only now recommencing after a stay on these proceedings has been lifted, and expert disclosures are not due for months.

7.    The above designations are based on the currently available information and may be subject to supplementation or amendment as the case progresses.

Respectfully submitted this 8th day of September, 2025.

                WARREN LAW GROUP LLC

                *s/ Anthony David Moore*
                Julie Warren
                Anthony David Moore
                24 S. Weber Street, Suite 300
                Colorado Springs, CO 80903
                *Attorneys for Defendant Wendy Morris*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2025 a copy of the foregoing **Wendy Morris' Notice Designation of Former Defendants The Borad of County Commissioners of the County of El Paso, Colorado, and Sherriff Joseph Roybal as settled Non-Parties at Fault was electronically filed with the clerk of the United States District Court** which will send notification of such to counsel of record, and that I also emailed a copy of same to the following counsel for other parties:

Ellen Carlson
Scott Melin
Brian Bagley
Bagley Law Firm, LLC
215 S. Wadsworth Blvd., #410
Lakewood, CO 80226
Phone: (720) 815-4824
Ellen.carlson@bagleylawfirm.com
Scott.melin@bagleylawfirm.com
Brian.bagley@bagleylawfirm.com
*Attorneys for Plaintiff*

Christopher R. Jones
Elizabeth McGowan
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
crjones@grsm.com
emcgowan@grsm.com
*Attorneys for Wellpath, LLC and Michelle Silva*

                                                    *s/ Emily Branch*
                                                    Emily Branch