IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 23-cv-01847-GPG-MDB

THE ESTATE OF DANIEL JAMES MURRAY,

        Plaintiff,

v.

WELLPATH, LLC,
SHERIFF JOSEPH ROYBAL,
DIANNE HAWTHORNE-CRUZ, and
WENDY MORRIS,

        Defendants.

---

## ORDER

---

Before the Court is Defendant Wellpath's Motion to Reconsider the Court's Order (DKT. 238) Regarding Production of Part III Reviews (D. 239).  While the filing is erroneously titled "Motion to Reconsider", the filing party makes clear that this is an "[a]ppeal to the Article III judge assigned to this matter" (*id*. at 1).  There being no such appeal right, the Court rather construes the pleading as an objection to United States Magistrate Judge Dominguez Braswell's[1] non-dispositive order pursuant to 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).  Wellpath objects to Judge Dominguez Braswell's Order requiring production of the Part IIIs of certain Mortality and Morbidity Reviews under the Patient Safety and Quality Improvement Act of 2005 (PSQIA).

---

[1] At all times and in all pleadings Judge Dominguez Braswell SHALL be addressed by all Parties as either Magistrate Judge Dominguez Braswell or Judge Dominguez Braswell.

1

## I.  PROCEDURAL BACKGROUND

The procedural posture of this action can best be described as tortured due to the lengthy interruption of proceedings by the bankruptcy stay.

The initial Order Defendant Wellpath opposes was filed October 11, 2024 (D. 163) at which time Judge Dominguez Braswell determined that Wellpath's PSQIA privilege claims were doomed (*id*. at 15) and requiring production consistent with that determination.  Wellpath moved to stay Judge Dominguez Braswell's Order pending the filing of an objection (D. 164; D. 165). On October 25, 2024, Wellpath filed an 18-page objection—which was immediately stricken for exceeding this Court's length limitation (D. 174; D. 175).  Wellpath filed an objection complying with the page limitations on October 25, 2024 (D. 176), and this Court considers that objection timely.  On November 12, 2024, before any response or before this Court could rule on the objection, Wellpath entered bankruptcy and an associated stay (D. 182).  The Court did not address the objection, and Wellpath acknowledges "that objection was deemed moot after Wellpath filed for bankruptcy" as the issues were readdressed though post-stay briefing (D. 239 at 2).

On July 30, 2025, Wellpath filed a Notice of Discharge and Injunction (D. 225).  On August 18, 2025, shortly after exiting the bankruptcy stay, Judge Dominguez Braswell conducted a status conference and ordered the Parties to produce a joint status report within one week (D. 227).  The status report was timely generated and set forth a briefing schedule to address the relevant issues (D. 228).  Wellpath then re-raised the discovery issues with Judge Dominguez Braswell and requested that she reconsider her Order requiring Wellpath's participation in discovery on multiple basis (D. 231; D. 232; D. 233).  Some of the reasons given by Wellpath, e.g., PSQIA privilege, existed prior to the bankruptcy stay.  However, other basis such as consideration of Wellpath's

2

status as a Defendant, nominal Defendant, or third-party only arose from the bankruptcy proceedings.

This Court referred all matters, including the request for reconsideration proceedings contained within Wellpath's brief (D. 231), to Judge Dominguez Braswell (D. 237).   Judge Dominguez Braswell addressed all these issues, some of which could be properly characterized as new issues and others as reconsideration, at a hearing on November 10, 2025 (D. 235) and then issued the Order in question on November 19, 2025 (D. 238).   Wellpath filed its Objection on December 19, 2025 (D. 239).

On January 14, 2026, the Court issued a text-only Order stating:

> ORDER finding as moot 176 APPEAL OF MAGISTRATE JUDGE DECISION to District Court. In light of ongoing proceedings and the objection at D. 239, this filing is moot and will be substantively addressed in relation to the objection at D. 239. So Ordered.

(D. 241).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), this Court may designate a magistrate judge to hear and determine any pretrial matter pending before the Court.  A district judge may reconsider any such matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*.

Federal Rule of Civil Procedure 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objection to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must

3

consider timely objection and modify or set aside any part of the
order that is clearly erroneous or is contrary to law.

This Court is "required to defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (citation and internal quotations omitted). Under this standard, the reviewing court must affirm unless based on the entire record it is left "with the definite and firm conviction that a mistake has been committed." *Id.* (citation and internal quotations omitted).

### III. ANALYSIS

As indicated in the text-only Order (D. 241), the Court will substantively address the issues raised in the initial objection (D. 176) and those same issues insofar as they were addressed in the its second objection (D. 237).

The Court will not address any of the issues raised for the first time in Wellpath's second objection, which was untimely. Wellpath's objections only relate to non-dispositive pretrial discovery issues. As such, any objection must be filed within 14 days. Judge Dominguez Braswell issued the relevant order on November 19, 2025 (D. 238). Wellpath filed its objection on December 19, 2025 (D. 239) and has not sought an extension or otherwise explained its tardiness. Thus, Wellpath has forfeited any review of any new issues. As part of this, the Court will not review any of the arguments that Wellpath purports to incorporate in their entirety by reference from three other filings (*id*. at 2). The Court has page limits for objections for various reasons, of which Wellpath has previously run afoul (D. 175). Further, objections (and requests for reconsideration for that matter) necessarily require parties to engage with the analysis of a Magistrate Judge, not merely parrot prior arguments. Incorporation by reference of substantial material is, therefore, entirely improper.

4

There is only one issue substantively addressed in both Wellpath's objections, whether Part III of the Mortality and Morbidity Review of certain inmate-patients is protected from disclosure by the PSQIA (D. 239 at 3).

The PSQIA is a convoluted piece of legislation the provides protection to certain information related to patient safety reviews when working with a patient safety organization (PSO). The relevant provision defining what information is subject to protections states:

> (7) Patient safety work product
>
> (A) In general
>
> Except as provided in subparagraph (B), the term "patient safety work product" means any data, reports, records, memoranda, analyses (such as root cause analyses), or written or oral statements-
>
> (i) which--
>
> (I) are assembled or developed by a provider for reporting to a patient safety organization and are reported to a patient safety organization; or
>
> (II) are developed by a patient safety organization for the conduct of patient safety activities;
>
> and which could result in improved patient safety, health care quality, or health care outcomes; or
>
> (ii) which identify or constitute the deliberations or analysis of, or identify the fact of reporting pursuant to, a patient safety evaluation system.

42 U.S.C. § 299b-21(7).

Wellpath effectively concedes that it cannot meet the requirements for protection under (i) because it did not provide credible evidence that the Part IIIs were submitted to the PSO (D. 239 at 5). *See Nelms v. Wellpath, LLC*, 667 F. Supp. 3d 560, 563 (E.D. Mich. 2023) ("Considering these provisions together, courts in this Circuit have identified two prongs for determining if the

privilege applies: (1) the document is created for the purpose of reporting to a patient safety

organization and (2) is so reported." (quotations omitted)).

This leaves (ii).  Because Wellpath can't establish reporting, the issue is whether the Part

IIIs are "data, reports, records, memoranda, analyses (such as root cause analyses), or written or

oral statements . . . which identify or constitute the deliberations or analysis of . . . a patient safety

evaluation system" that are not subject to the carveouts provided by 42 U.S.C. § 299b-21(7)(B).

Wellpath makes a conclusory assertion that the documents meet this definition and argues:

> The Court must look at this specific document, why it was created
> and what it was used for in order to make a determination regarding
> the privilege. If the Court looks at this document it will see that it
> was created independently of Wellpath's post-incident review
> performed with the County, in conjunction with Wellpath's
> participation in patient safety activities, and not for another use.

(D. 239 at 5).

But Wellpath has not provided the documents to this Court, nor does it seem to have

submitted all the specific documents to Judge Dominguez Braswell (D. 163 at 5).  At the

evidentiary hearing, only one of the documents was submitted for in camera review (D. 158 at 3).

Wellpath otherwise relied on a declaration, which was ultimately inconsistent with the live

testimony of the witness.

Judge Dominguez Braswell carefully considered the document presented to her and found

it did not meet the requirements for protection (D. 163 at 12–14).  In response to this, Wellpath

makes various conclusory arguments that she was wrong, but does not support them with anything

specific from the documents or otherwise, and it instead gestures broadly at whole exhibits and

sections of testimony.  Having reviewed these materials, they do not support Wellpath's arguments

in a general or specific sense.  Notably, the testimony and related policies suggest that the creation

and uses of Part IIIs do not fall exclusively within (ii) and suggest they include material excluded from protection under (B)[2] (*see* D. 163 at 13) ("The Court would have to ignore the words written in Wellpath's own policy, as well as the testimony from its own witnesses, to believe Part III is not dual-purposed.").   Particularly problematic for Wellpath is Judge Dominguez Braswell's reliance on the extended and wholly unexplained two-year delay before Wellpath submitted the information sought through discovery to the PSO.  It was entirely reasonable to find this, along with related evidence, suggested that Wellpath was not acting with reporting or patient safety purposes in mind when creating these documents that it now seeks to avoid disclosing.  *See Dence v. Wellpath, LLC*, No. 1:20-CV-00671, 2022 WL 14469859, at *3 (D. Or. Oct. 25, 2022) ("Wellpath Defendants fail to explain how the mortality report, which Wellpath Defendants submitted to a patient safety organization sixteen months after Butterfield's death, was developed for the purpose of reporting to a patient safety organization.").

---

[2] This exception provides:

> (B) Clarification
> (i) Information described in subparagraph (A) does not include a patient's medical record, billing and discharge information, or any other original patient or provider record.
> (ii) Information described in subparagraph (A) does not include information that is collected, maintained, or developed separately, or exists separately, from a patient safety evaluation system. Such separate information or a copy thereof reported to a patient safety organization shall not by reason of its reporting be considered patient safety work product.
> (iii) Nothing in this part shall be construed to limit--
> (I) the discovery of or admissibility of information described in this subparagraph in a criminal, civil, or administrative proceeding;
> (II) the reporting of information described in this subparagraph to a Federal, State, or local governmental agency for public health surveillance, investigation, or other public health purposes or health oversight purposes; or
> (III) a provider's recordkeeping obligation with respect to information described in this subparagraph under Federal, State, or local law.

42 U.S.C. § 299b-21(7)(B).  Notably, as Judge Dominguez Braswell concluded, the evidence suggests the information in the reports and the reports themselves was "collected, maintained, or developed separately, or exists separately" as it was used in various ways other than for reporting to a PSO.

Judge Dominguez Braswell noted improper obstruction and delay tactics by Wellpath that have brought us to this point (D. 238 at 2). Wellpath does not challenge any of these conclusions. The Court is not inclined to allow any further delay to consider arguments that Wellpath plainly forfeited by failing to fully present them to the Magistrate Judge and forfeited again by failing to raise them in its objection in a manner that allowed for the Court's consideration. The Court has no legal or factual basis to find error in that determination, particularly in view of the deferential standard applicable to objections to non-dispositive decisions. Wellpath's motion, construed as an objection, is overruled.

## IV. CONCLUSION

Accordingly, Defendant Wellpath's Motion to Reconsider the Court's Order (DKT. 238) Regarding Production of Part III Reviews (D. 239), construed as an objection, is OVERRULED. Wellpath must promptly comply with its discovery obligations as initially ordered.

DATED May 29, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

8