# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:** 23-cv-01847-GPG-MDB

THE ESTATE OF DANIEL JAMES MURRAY,
by and through its personal representative, David Murray;

      Plaintiff,

v.

WELLPATH, LLC;
DIANNE HAWTHRONE-CRUZ, individually;
WENDY MORRIS, individually;
GEORGE SANTINI, individually;
J. DYLAN COX, individually;
MICHELLE SILVA, individually;
MAGDALINA BEULTEMANN, individually;

      Defendants.

---

## JOINT STATUS REPORT AND REQUEST FOR
## STATUS CONFERENCE

---

Plaintiff, the Estate of Daniel James Murray, Defendant Wellpath, LLC, and Defendant

Wendy Morris, by their respective counsel, submit this Joint Status Report.

1. The Court's May 12, 2026, Minute Order [Doc. 258] requires that within five days of

   Judge Gallagher's May 29, 2026, Order [Doc. 263], the Parties must "file a joint status

   report containing a discovery plan and identifying any remaining discovery issues."

2. On June 2, 2026, the undersigned attorneys met by Microsoft Teams to discuss discovery

   issues and a possible discovery plan. For the reasons that follow, the Parties to this Joint

   Status Report agree that challenges unique to this case remain which currently prevent

   them from being able to identify a specific plan and timeline for completing discovery as

2

the Court has requested. The Parties to this Joint Status Report likewise agree that a status conference with the Court to discuss said issues would be beneficial, and so make that request here.

**Lack of Contact Information for *Pro Se* Defendants**

3. Several Wellpath-affiliated Parties to this case were not involved in this Joint Status Report because the Parties do not have current contact information for them. Those parties are pro se Defendants in this action. The parties to this Joint Status Report respectfully submit that these pro se Defendants should have the opportunity to participate in discussions regarding a discovery plan and amendments to the Scheduling Order for this case.  Counsel for Wellpath will try to get updated contact information.

**Part IIIs of the Mortality and Morbidity Reviews**

4. Plaintiff has not yet received Part IIIs of the mortality and morbidity reviews required to be disclosed by Judge Gallagher's May 29, 2026, Order [Doc. 263]. Counsel for Wellpath will discuss with his client the timing of disclosing the Part IIIs.

5. Judge Gallagher's Order [263] requires that Wellpath "promptly" disclose the Part IIIs. If the Court agrees to set a status conference, and if Wellpath has still not provided the Part IIIs by that time, Plaintiff will request from the Court a date certain for Wellpath to make the disclosure.

**Depositions to be Taken**

6. From Wellpath and the Wellpath-affiliated Defendants, Plaintiff still needs to depose Magdalina Bueltmann, Dr. George Santini, Michelle Silva, and Christine Mohr (as Wellpath's Fed. R. Civ. P. 30(b)(6) designee). Each of these depositions was scheduled

3

and noticed to occur in late 2024, before being derailed by the bankruptcy stay. Now, Plaintiff is reluctant to schedule these depositions before receiving the Part IIIs, as the Part IIIs will certainly bear on each of these deponent's testimony. Moreover, most of these deponents are pro se parties who have not participated in these proceedings of late.

**Wellpath Insurance Policies**

**Excess Policies**

7. Through reviewing filings in the bankruptcy Court (see **Exhibit 1; Declaration of James Seitz**), over the last couple of days Plaintiff's counsel has learned that at all times relevant to this case Wellpath maintained numerous potentially applicable excess insurance policies that were never disclosed to Plaintiff or provided to Plaintiff in any response to written discovery. Counsel for Wellpath is looking into disclosing these policies and represents that on June 30, 2026, the bankruptcy court will hold a hearing on whether the Wellpath Liquidating trust and/or plaintiffs in this and similar cases may be able to use this insurance to pay claims.

**Christine Mohr**

8. During the undersigned's June 2, 2026, Microsoft Teams meeting, counsel for Wellpath revealed that Christine Mohr has her own insurance policy that has never been disclosed. Wellpath is looking into disclosing this policy, and insurance defense counsel may soon enter into this case on Ms. Mohr's behalf. Depending on what this policy and Ms. Mohr's deposition reveal, Plaintiff may need to amend its complaint again to add Ms. Mohr as a defendant.

**Individual Nurses**

9. During the undersigned's June 2, 2026, Microsoft Teams meeting, counsel for Wellpath also revealed that the individual nurse defendants in this case may have their own insurance policies that have never been disclosed. Counsel for Wellpath is investigating whether such policies exist.

**Dr. Santini**

10. Counsel for Wellpath will confirm whether or not Dr. Santini has his own professional liability coverage, but believes he does not.

**Insurance Coverage Question for Wendy Morris**

11. At the time of Fed. R. Civ. P. 26(a)(1) disclosures in this case counsel for Wendy Morris disclosed a declarations page for Ms. Morris' Coverys insurance policy. On April 27, 2026, counsel for Ms. Morris disclosed the policy itself, with redactions, and asserts the policy does not provide coverage in this case. Plaintiff has hired coverage counsel to help answer this question, and is awaiting counsel's opinion. If coverage counsel cannot answer the coverage question because of the redactions, counsel for Ms. Morris and Plaintiff's counsel will confer before initiating any discovery dispute addressing any remaining disputes related to any of the redactions.

DATED: June 3, 2026

*s/ Scott Melin*
Scott Melin
Brian J. Bagley
Bagley Law Firm, LLC
215 S. Wadsworth Blvd., Ste. 410
Lakewood, CO 80226
Telephone: 720-378-5121
scott.melin@bagleylawfirm.com
brian.bagley@bagleylawfirm.com
*Attorneys for Plaintiff*

*s/ Anthony David Moore*
Julie Warren
Anthony David Moore
Warren Law Group, LLC
24 S. Weber Street, Suite 300
Colorado Springs, CO 80903
jwarren@thewarrenlawgroup.com
tmoore@thewarrenlawgroup.com
*Attorneys for Defendant Wendy Morris*


*s/ Christopher R. Jones*
Christopher R. Jones
Elizabeth B. McGowan
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Ste. 3400
Denver, CO 80202
crjones@grsm.com
emcgowan@grsm.com
*Attorney for Defendant Wellpath, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, the foregoing **JOINT STATUS REPORT AND REQUEST FOR STATUS CONFERENCE** was electronically filed with the Clerk of the Court using the CM/ECF system which will serve  copies on the following:

Julie Warren
Anthony David Moore
Warren Law Group, LLC
24 S. Weber Street, Suite 300
Colorado Springs, CO 80903
jwarren@thewarrenlawgroup.com
tmoore@thewarrenlawgroup.com
*Attorneys for Defendant Wendy Morris*

Christopher R. Jones
Elizabeth B. McGowan
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Ste. 3400
Denver, CO 80202
crjones@grsm.com
emcgwan@grsm.com
*Attorney for Defendant Wellpath, LLC*

Michelle Silva
348 Caldwell Street,
Spring Lake, NC 28390
*Defendant*

Magdalina Beultemann
3910 Elk Lane,
Pueblo, CO 81005
*Defendant*

Dianne Hawthorne-Cruz
402 Wyedale Way,
Colorado Springs, CO 80922
*Defendant*

By: *s/Meredith Swari*
Meredith Swari, Paralegal

7